IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:25-CV-00148-M-RN

LARRY MCDONALD )
RICHARDSON, JR., )
 )
    Plaintiff, )
 )
v. ) ORDER
 )
LILLIAN FLORES, et al., )
 )
 )
    Defendants. )
_____ )

This matter comes before the court on the memorandum and recommendation (the "Recommendation") entered by Magistrate Judge Robert T. Numbers, II in this case on May 12, 2025 [DE 10]. In the Recommendation, Judge Numbers recommends that the court dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted. DE 10 at 1, 9. The Recommendation, along with instructions and a deadline for filing objections, was served on the Plaintiff on May 12. *See id.* at 9-10. Plaintiff did not file a formal objection to the Recommendation, but did file a "Petition for Entry of Default Judgment," DE 11, attached to which he included a series of exhibits, one of which is styled as a "Notice of Constitutional Objection to Article I Magistrate Review," DE 12-4 at 1, which the court will liberally construe as an objection to the Recommendation.

A magistrate judge's recommendation carries no presumptive weight. *See United States ex rel. Wheeler v. Acadia Healthcare Co., Inc.*, 127 F.4th 472, 486 (4th Cir. 2025). The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"The Federal Magistrates Act only requires district courts to 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *Osmon v. United States*, 66 F.4th 144, 146 (4th Cir. 2023) (quoting 28 U.S.C. § 636(b)(1)). And "a party's objection to a magistrate judge's report [must] be specific and particularized." *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). This is a low bar, particularly when the plaintiff is pro se. *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Plaintiff asserts that the "handling and review" of his case "by an Article I magistrate" is "unlawful" and violates his right to due process. DE 12-4 at 1-2. This assertion is meritless. "The Federal Magistrates Act allows the district court to refer pretrial matters to a magistrate judge." *United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019). And the statutory procedures contained within the Federal Magistrates Act adequately safeguard Plaintiff's due process rights. *See United States v. Raddatz*, 447 U.S. 667, 681 (1980) (explaining that, under "the Federal Magistrates Act, Congress was alert to Art. III values concerning the vesting of decisionmaking power in magistrates" and "made clear that the district court has plenary discretion whether to" refer a matter to a magistrate, "and that the magistrate acts subsidiary to and only in aid of the district court"); *see also id.* at 685 (Blackmun, J. concurring) (emphasizing that Federal Magistrates Act "vested in Art. III judges the discretionary power to delegate certain functions to competent and impartial assistants, while ensuring that the judges retain complete supervisory control over the assistants' activities"); 28 U.S.C. § 636(b)(1) ("the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," and

may "also receive further evidence or recommit the matter to the magistrate judge with instructions").

Plaintiff raised no objection to the substance of Judge Numbers' Recommendation. Accordingly, the court has carefully reviewed the Recommendation for clear error, and finds none. The court therefore ADOPTS the Recommendation of Judge Numbers [DE 10] as its own. For the reasons stated therein, Plaintiff's Complaint [DE 1] is DISMISSED.

Further, Plaintiff's motion for default judgment [DE 11] is DENIED. *See Anderson v. Found. for Advancement, Educ. & Emp. of Am. Indians*, 155 F.3d 500, 505–06 (4th Cir. 1998) (holding that default judgment is not warranted where complaint fails to state a claim). Plaintiff's motion to amend his complaint [DE 20], through which he only seeks to add parties, is DENIED as futile because adding parties would not cure the deficiencies identified in the Recommendation. 28 U.S.C. § 1915(e)(2)(B)(ii). Finally, Plaintiff's emergency motion for a judicial ruling [DE 21], petition for a writ of mandamus [DE 22] and demand for judicial intervention [DE 23] are DENIED AS MOOT.

SO ORDERED this 17th day of July, 2025.

Richard E Myers II
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE